GREENBERG TRAURIG, LLP
VINCENT H. CHIEFFO (SBN 49069)
Email: *Chieffov@gtlaw.com*
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404-5524
Telephone: 310-586-7700
Facsimile:  310-586-7800

GREENBERG TRAURIG, LLP
JESUS E. CUZA *(Admitted Pro Hac Vice)*
Email: *Cuzaj@gtlaw.com*
401 E. Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-768-8241
Facsimile: 954-765-1477

Attorneys for Defendants-Counterclaimants
Moroccan Gold, LLC and Fantasia Industries Corporation

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| MOROCCANOIL, INC., a California corporation,<br><br>            Plaintiff,<br><br>vs.<br><br>MOROCCAN GOLD, LLC, a New Jersey limited liability company; FANTASIA INDUSTRIES CORP., a New York corporation; and DOES 1 through 10, inclusive,<br><br>            Defendants.<br><br>AND RELATED COUNTERCLAIM. | CASE NO.  CV 08-05356 RGK (PLAx)<br><br>**PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DISCLOSURES**<br><br><br><br>Complaint filed: August 14, 2008 |

1

107,307,934 v2

**GOOD CAUSE STATEMENT**

This action involves direct competitors in the sale of hair care products. The parties stipulate that some of the documents and objects to be exchanged through discovery herein ("material," including materials being sought or obtained from any third party or non-party) contain information that is subject to protection from disclosure as trade secrets and other confidential proprietary information, such as confidential research data, development information, product formulation and ingredient data, technical data, business plans, cost and price lists, and client information. The parties also agree that the materials also contain information that is kept confidential in the ordinary course of business for competitive purposes.

The parties stipulate and represent that disclosure of the materials without any protection of confidentiality would result in defined and serious harm to the parties, as it would result in the evisceration of their rights over confidential and proprietary information. For example, once a party has disclosed a confidential business plan or research data to the other party, any proprietary or competitive value to such information would be irretrievably lost. They also stipulate and represent that such disclosure would cause undue burden and oppression to the parties, who are involved in a highly competitive industry. The purpose of the Stipulated Protective Order is to avoid such harm, undue burden and oppression as much as practical during the litigation.

In light of the above, the Court hereby determines that GOOD CAUSE exists for the protection of some of the Discovery Material, pursuant to a protective order. Fed. R. Civ. P. 26(c). *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1209 (9th Cir. 2002) ("The law . . . gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information. . . Rule 26(c) authorizes the district court to issue '*any* order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden.'") (emphasis in the original).

107,307,934 v2

THEREFORE:

1. <u>Definition of Confidential Information</u>.

    a. "Confidential Information" as used herein shall mean all material in whatever form such as oral, written, documentary, tangible, intangible, electronic, or digitized now or hereafter in existence that is treated by or considered by the producing party as confidential and proprietary information and which involves or relates to confidential business or personal information of a party (or of a third person whose information the party is under a duty to maintain in confidence).  By way of example, such Confidential Information defined herein may include, but shall not be limited to: trade secrets; technical, research or development material; commercial, financial, or accounting data; manufacturing sources or methods; existing or potential sales figures, sales leads and prospects; data concerning brokers, distributors, sales agents, representatives, customers and personnel; and any other information reasonably believed by the producing party to be non-public, proprietary or confidential or which, if available to a competitor of the producing party or a nonparty, could be used to a competitive advantage.

    b. No item shall qualify to be protected as Confidential Information if it is disclosed in media generally available to the public or business community by reason of dissemination by one having the unrestricted right to do so or is generally known throughout the public or business community.

    c. For the avoidance of doubt, the confidentiality obligations of this Order shall not apply to information that:

        (i) is lawfully acquired by the Receiving Party (defined in Sub-paragraph 2.a. below), before disclosure hereunder, from a third-party with no obligation of confidentiality;

        (ii) the Receiving Party is able to prove, by a preponderance of the evidence, that it was in lawful possession of the Confidential Information prior to

disclosure of such information from the Disclosing Party (defined in Sub-paragraph 2.a. below);

(iii)   at the time of disclosure hereunder, the Confidential Information was or subsequently becomes a public document or matter of public knowledge, through no fault of the Receiving Party or any party under an obligation of confidentiality;

(iv)   is acquired by subpoena or order of any court, tribunal, governmental administrative or quasi-administrative agency, and was done so without any order of confidentiality or similar agreement; or

(v)   is independently developed by the Receiving Party and entirely based on, comprised of, and otherwise using solely publicly available information.

2. <u>Designations</u>.

a.   All efforts by any party or witness (including any third party or non-party witness) in this matter to designate any material as "Confidential - Attorney's Eyes Only" or "Confidential" (as such classifications are defined in Paragraph 9 below) shall be governed by the terms of this Order and such material shall only be used solely in connection with the above-captioned matter.  The party by whom any disclosure is made is the "Disclosing Party" and the party to whom any disclosure is made is the "Receiving Party."  A Disclosing Party may designate materials under this Protective Order from a third party or non-party from whom discovery is sought.  By receiving any material designated as "Confidential - Attorney's Eyes Only" or "Confidential", the Receiving Party agrees not to disclose, publish, disseminate, or use, other than as expressly permitted herein, any such material and will assure that all reasonable efforts are made to prevent any unauthorized use, disclosure, publication or dissemination of such material.

b.   All Confidential Information produced by the Disclosing Party to the Receiving Party in whatever form (e.g., documents, materials, things, testimony or other information) during the course of this matter shall be designated "Confidential - Attorney's Eyes Only" or "Confidential" in accordance with the terms of this Order, prior

107,307,934 v2

1  to disclosure, by use of a reasonably conspicuous and prominent notice.  Examples of
2  such suitable designation would be the prominent display of a stamped legend on the first
3  page of a subject document, or on a tag affixed to a tangible thing, that states, in form or
4  in substance: "CONFIDENTIAL – ACCESS LIMITED BY PROTECTIVE ORDER"
5  (the "Legend").  Designating a multi-page document with the Legend on the first page
6  only shall be sufficient to make the entire document subject to that designation.

7        c. All documents, testimony, and things that are designated pursuant to this
8  Order as confidential at any level shall be so designated at a time prior to disclosure as
9  follows:

10          (i) for documents and things produced, this means prior to delivery;
11          (ii) for deposition, hearing or trial testimony, this means prior to the
12 giving of the answer on the record by the party or nonparty deponent or witness, to the
13 extent reasonably possible.  Notwithstanding anything to the contrary herein:

14            (A) Deposition testimony may be treated as "Confidential -
15 Attorney's Eyes Only" or "Confidential" during the deposition, as the Disclosing Party
16 may direct, and the transcript of the designated testimony shall be transcribed on separate
17 pages and so marked by the reporter.  A Disclosing Party also may so designate portions
18 of the deposition after the transcription is produced and shall have twenty (20) days after
19 receipt of such deposition transcript to advise the Receiving Party, in writing, of the
20 portions of the deposition transcript that are to be designated as "Confidential -
21 Attorney's Eyes Only" or "Confidential", after which period the right to make such
22 designations shall be waived.  Accordingly, deposition transcripts shall automatically be
23 treated as "Confidential - Attorney's Eyes Only" during the twenty (20)-day period
24 following receipt of the deposition transcript.

25            (B) The Disclosing Party may exclude any person from a
26 deposition, other than those to whom Confidential Information may be disclosed pursuant
27 to Paragraph 9 of this Order.  Failure of such person(s) to comply with the request
28

1  hereunder shall constitute substantial justification for counsel to advise the witness to
2  refrain from answering the question seeking to reveal Confidential Information; and
3                  (iii)   for documents and things marked as exhibits or offered into evidence
4  at deposition, hearing or trial, this means prior to or contemporaneously with reference
5  on the record to the document or thing or the offering of it into evidence, to the extent
6  reasonably possible.

3.     <u>Inadvertent Failure to Designate and Belated Designation of Confidential Information</u>.  The inadvertent failure to designate Confidential Information as either "Confidential - Attorney's Eyes Only" or "Confidential" under this Order prior to or at the time of its production or disclosure shall not operate as a waiver of a Disclosing Party's right to designate such document, thing or testimony as "Confidential - Attorney's Eyes Only" or "Confidential".  The Disclosing Party may belatedly designate any such document, thing, or testimony by writing to the Receiving Party.  However, such belated designation shall be without prejudice to the Receiving Party or any other person or entity not a party to this action who may have previously received the disclosure without notice of its confidentiality.  Thereafter, the Receiving Party shall fully comply with this Order to the extent reasonably possible.

4.     <u>Disputes</u>.  If a party disagrees with or challenges the grounds or basis for the designation of any document, information or tangible thing as "Confidential - Attorney's Eyes Only" or "Confidential," <u>the parties must follow the procedure for obtaining a decision from the Court as set forth in Local Rule 37.  The parties may file a Joint Stipulation required by Local Rule 37 under seal or the moving party may file an ex parte application making the appropriate request.  The parties must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal</u>.

5.     <u>Declassification</u>. In the event that a party disagrees with or challenges the basis for the designation of any document, information or tangible thing as "Confidential - Attorney's Eyes Only" or "Confidential," such party shall nevertheless treat and protect

5

107,307,934 v2

the same in accordance with this Order until and unless all parties shall have agreed in writing to different treatment, or an order of this Court shall have been entered and becomes enforceable, which provides that such challenged Confidential Information may be used or disclosed in a manner different than that specified in this Order.

6.     <u>Compelled Disclosure; Subpoena</u>.  In the event the Receiving Party becomes legally compelled or otherwise legally obligated to disclose Confidential Information, or any portion thereof, (a) pursuant to subpoena or other court process; (b) at the express direction of any authorized government agency having jurisdiction; or (c) as otherwise required by law, the Receiving Party will promptly provide to the Disclosing Party notice thereof, including a copy of the subpoena, process and other documents requesting such Confidential Information, and shall cooperate reasonably with the Disclosing Party in seeking reliable assurance that confidential treatment will be accorded the Confidential Information through a protective order or other appropriate legal action.  The Receiving Party shall not make disclosure until the Disclosing Party has had a reasonable opportunity to object or to resist such disclosure, if so desired, as may be permitted by law.  If such protective order or other remedy is not obtained, the Receiving Party will furnish only that portion of the Confidential Information which it is legally required to produce.

7.     <u>Copies</u>.  Should any party, counsel for any party, or any person or entity not a party to this action, obtain access to any Confidential Information and make copies or duplicates of such Confidential Information, or any portion thereof, the designation also shall be stamped on or affixed to such copies or duplicates, and the references in this Order to Confidential Information shall be deemed to include and to apply to such copies or duplicates.  Additionally, should any party, counsel for any party or any person or entity not a party to this action make extracts or summaries of such Confidential Information, such extracts or summaries shall be designated in accordance with this Order and shall constitute Confidential Information.  This Order shall apply to all such extracts and/or summaries.

107,307,934 v2

8.      <u>Deposition Court Reporters</u>.  Each court reporter participating in any deposition shall be provided with a copy of this Order and shall adhere to its provisions.  Each court reporter shall separately bind those portions of deposition transcript and related exhibits deemed Confidential Information and shall further separate into separate bound deposition transcripts and shall thereon place the Legend on the first page of each such bound transcript or exhibits.

9.      <u>Submissions to the Court</u>.  If Confidential Material is included in any papers to be filed in Court, such papers shall be accompanied by an application to file the papers -- or the confidential portion thereof -- under seal; the applicant must demonstrate good cause for the under seal filing. Moreover, the application must comply with applicable law, including Local Rule 79-5, and shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

10.     <u>Levels of Confidentiality</u>.  Any material designated as "Confidential – Attorney's Eyes Only" or "Confidential" shall be restricted in accordance with the following levels of confidentiality:

    a.      CONFIDENTIAL - ATTORNEY'S EYES ONLY: Material designated as "CONFIDENTIAL - ATTORNEY'S EYES ONLY" shall be restricted to viewing or copying by, and disclosure to:

        (1)     Counsel of record for a party who are actively working on this matter (presently, Greenberg Traurig LLP for Defendants, and Conkle, Kremer & Engel for Plaintiff);

        (2)     The office personnel employed by the outside counsel of record working under the direct supervision of said counsel;

        (3)     In-house counsel for a party;

        (4)     The Court and its staff;

        (5)     Any deposition or trial witness in this action, during the course of his or her own testimony, <u>provided</u> that such witness prepared or received

or participated in its preparation or has relevant knowledge concerning such document, <u>and provided</u> that prior to such disclosure, such witness shall execute an undertaking in the form set forth in Paragraph 10 hereof;

  (6) Any person which the document indicates on its face was the author, addressee, or so-called "cc" recipient thereof, <u>provided</u> that prior to such disclosure, such person shall execute an undertaking in the form set forth in Paragraph 10 hereof;

  (7) Experts and consultants necessarily retained by outside counsel of record in this litigation, <u>provided</u> that prior to such disclosure, such persons shall execute an undertaking in the form set forth in Paragraph 10 hereof; and

  (8) Such other person as hereafter may be designated by written stipulation of the parties or by further order of the Court.

 b. CONFIDENTIAL:

Material designated as "CONFIDENTIAL" shall be restricted to viewing or copying by, and disclosure to, all those persons identified in Sub-paragraph 9.a. above, and

  (1) The parties to this action;

  (2) Officers, employees, agents, independent contractors, or assistants of a party to this action, only if access is reasonably necessary to the conduct of the litigation and <u>provided</u> that prior to such disclosure, such person shall execute an undertaking in the form set forth in Paragraph 10 hereof; and

  (3) Directors, trustees, regents, and officials of a party to this action.

 c. Unless specifically stated otherwise herein, it is not necessary that each such person identified in sections (a)(1), (a)(2), (a)(3), (a)(5), (a)(6), (a)(7), (a)(8), (b)(1), (b)(2) and (b)(3) of this Paragraph 10, sign this Order, <u>provided</u> that the Receiving Party has previously notified such persons of the existence of this Order, its terms, and the consequences of an unauthorized disclosure by any such person.

107,307,934 v2

Case 2:08-cv-05356-RGK-PLA   Document 87   Filed 04/20/09   Page 10 of 12   Page ID #:1590

11. <u>Form of Statement</u>.  Each person required by this Order to sign a statement agreeing to be bound shall sign a statement to be delivered to the Disclosing Party upon request that states the following:

> "I have read the STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DISCLOSURES issued by the Court, in the matter of *Moroccanoil, Inc. v. Moroccan Gold, LLC and Fantasia Industries Corporation*, U.S. District Court, Central District of California, Case No. CV08-05356 RGK (PLAx), regarding confidentiality of materials designated by the parties and their counsel. I understand and agree to be bound by the terms of this Order."
>
> Name:_____
>
> Address:_____
>
> Telephone:_____

    a.    Continuing Effect of Order.  All parties, their counsel, and all persons agreeing to be bound by this Order will abide by all of the terms of this Order until otherwise ordered by the Court or by written notice releasing them from the respective obligations received from the pertinent Disclosing Party.

    b.    Modification or Termination.  Any party to this action may, at any time, request the modification or termination of this Protective Order as to any Confidential Information that such party wishes to use in a manner other than herein provided.

12. <u>Effectiveness Upon Execution By Counsel</u>.  This agreement shall be deemed effective as between the parties upon execution by the undersigned stipulating counsel.

13. <u>No Admission</u>.  This Agreement does not act as an admission by any Receiving Party that any material designated as "Confidential - Attorney's Eyes Only" or "Confidential" by any Disclosing Party is in fact Confidential Information, and each party reserves the right to challenge as improper the designation by the other party of such information as "Confidential - Attorney's Eyes Only" or "Confidential," subject to paragraph 4, *supra*.

9

107,307,934 v2

14. <u>Return of Confidential Materials</u>.  At the conclusion of this matter by lapse of all rights of appeal after entry of final judgment or any award from which no further rights of appeal exist, or by settlement of this matter, each party shall promptly return to the other party all materials designated as "Confidential - Attorney's Eyes Only" and "Confidential", and shall thereafter continue to be bound, including those persons who have agreed to be bound by the terms of this Order, to all the obligations hereunder with respect to the disclosure or dissemination of such designated materials.  The Receiving Party shall not retain any copies of such materials for any purpose, including archival, without the express written consent of the Disclosing Party.   However for archival purposes, counsel of record of the Receiving Party may retain one copy of such confidential items.  The Receiving Party shall certify, under penalty of perjury, that to his/her/its best knowledge the originals and all other copies of Confidential Information have been returned to the Disclosing Party.  In furtherance thereof, this Order shall remain binding and in full force and effect, and may be enforced as such, after final disposition of this action, including all appeals and subsequent proceedings.

15. No party is prevented from seeking relief not provided by this Order, or otherwise seeking relief from this Court or another court of competent jurisdiction as may be appropriate to protect the party's interests or otherwise prepare this matter for trial.

16. <u>Miscellaneous</u>.

   a. Nothing in this Order shall be interpreted as binding the Court or any of its personnel to the terms hereof.

   b. Nothing in this Order shall be construed as requiring disclosure of privileged materials or materials subject to protection under the work product doctrine, or materials which are otherwise beyond the permissible scope of discovery.  This Order is intended to provide a mechanism for restricting the dissemination of Confidential Information to which there is no objection to producing or disclosing other than as to its confidentiality.

   c. Nothing in this Order shall preclude any party from seeking and obtaining additional or different protection with respect to the confidentiality of discovery.

107,307,934 v2

      d.    In the event that any Confidential Information is disclosed, either willfully or inadvertently, by a Receiving Party in the contravention of this Order, the Disclosing Party shall take all steps reasonably required to assure its continued confidentiality and may seek additional remedies, at law and in equity, as the Disclosing Party deems appropriate.

**SO STIPULATED.**

Dated: April 20, 2009                         _____
                                                   Hon. Paul L. Abrams
                                                   United Stated Magistrate Judge

107,307,934 v2